IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| RANDY SAENZ dba TEXAS PHILLY STATION MONSTER BURGER, and TEXAS PHILLY STATION, INC. <br><br> *Plaintiffs,* <br><br> v. <br><br> GREAT LAKES INSURANCE SE <br><br> *Defendant.* | CASE NO. 6:20-cv-29 |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

Defendant GREAT LAKES INSURANCE SE (formerly known and incorrectly sued as Great Lakes Reinsurance (UK) SE)(hereinafter "Defendant"), in a cause styled *Randy Saenz, et al. v. Great Lakes Insurance SE, et al.* originally pending as Cause No. 19-11-25,006 in the 24th Judicial District Court of DeWitt County, Texas, hereby respectfully files this Notice of Removal of that cause to the United States District Court for the Southern District of Texas, Victoria Division, while fully reserving all rights and defenses, and as grounds therefore would respectfully show the Court as follows:

### NATURE OF THE PENDING STATE CASE

1. On or about November 14, 2019, Plaintiffs Randy Saenz d/b/a Texas Philly Station Monster Burger and Texas Philly Station, Inc. ("Plaintiffs") filed a civil action styled *Randy Saenz, et al. v. Great Lakes Insurance SE, et al.* under Cause No. 19-11-25,006 in the 24th Judicial District Court of DeWitt County, Texas.

2. This case is an insurance dispute wherein Plaintiffs allege in their Original Petition that the property located at 901 N. Esplanade, Cuero, Texas, 77954, and insured under a policy issued by Defendant, sustained damage on or about August 26, 2017. Plaintiffs assert causes of action against Defendant for, *inter alia*, breach of contract, violations of the Texas Insurance Code, and breach of the duty of good faith and fair dealing.

3. Defendant has attached the documents required to be filed with this Notice of Removal in compliance with Local Rule 81.[1]

## JURISDICTION

4. Pursuant to 28 U.S.C. §1441(a), Defendant removes this action to the District Court of the United States for the Southern District of Texas, Victoria Division, because it is the District and Division embracing the place where such action is pending. Additionally, this Court has diversity jurisdiction, as shown below, because the proper parties to this action are citizens of different countries and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

**A. Diversity of the Parties**

5. Plaintiffs' Original Petition confirms that Plaintiff Randy Saenz d/b/a Texas Philly Station Monster Burger is a citizen of the State of Texas.[2]

6. Plaintiffs' Original Petition confirms that Plaintiff Texas Philly Station, Inc. is a Texas for-profit corporation.[3]

---

[1] Plaintiff's Original Petition with proof of executed process, attached hereto as Exhibit "A;" all answers to Plaintiff's Original Petition, attached hereto as Exhibit "A1;" copy of the state court docket sheet, attached hereto as Exhibit "B;" an index of matters being filed, attached hereto as Exhibit "C;" a list of all counsel of record, attached hereto as Exhibit "D;" and a Civil Cover Sheet, attached hereto as Exhibit "E."
[2] *See* Ex. A, at para. 2.
[3] *See* Ex. A, at para. 3.

7.     Defendant Great Lakes is a Societas Europea incorporated in Germany and registered with the commercial register of the local court of Munich under number HRB 230278. Defendant's registered office is at Königinstraße 107, 80802 Munich, Germany.

8.     Plaintiffs also originally sued Defendants Austin Wright, Phillip Casey, The Littleton Group-Eastern Division, Inc., and The Littleton Group-Western Division, Inc. (the "Texas Defendants"), and alleged in their Original Petition that the Texas Defendants were residents of or organized under the law of the State of Texas.[4] However, as further shown below, the Court must disregard the Texas Defendants' citizenship because they were improperly joined as Defendants in the first place, and because Plaintiffs have since voluntarily dismissed all of the Texas Defendants from this action. Alternatively, when Plaintiffs nonsuited all causes of action against the Texas Defendants on May 4, 2020, this action became removable pursuant to 28 U.S.C. 1446(b)(3) and thereafter Great Lakes timely removed this case. In either event, the Texas Defendants' consent to or participation in this removal is unnecessary.[5]

   **i.  Improper Joinder of the Texas Defendants**

9.     Federal removal jurisdiction based on diversity cannot be defeated by the presence of an improperly joined non-diverse defendant.[6] Citizenship of an improperly joined defendant is totally disregarded in determining the Court's jurisdiction.[7]

10.    The Fifth Circuit has recognized two ways to establish improper joinder of a non-diverse defendant: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[8] The test for

---

[4] *See* Exhibit A., at paras. 6-9.
[5] *Jernigan v. Ashland Oil Inc*., 989 F.2d 812, 815 (5th Cir. 1993).
[6] *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009).
[7] *Myers v. Allstate Texas Lloyd's*, 1:10-CV-172, 2011 WL 846083, at *5 (E.D. Tex. Mar. 8, 2011) (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004)).
[8] *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 205 (5th Cir. 2016) (quoting *Smallwood*, 385 F.3d at 573).

the latter "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently *means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant*."[9] In the instant matter, Plaintiff is unable to establish a cause of action against Snead as a matter of law.

11. As this lawsuit was filed in state court after September 1, 2017, it is subject to Chapter 542A of the Texas Insurance Code.[10] Section 542A.006 of the Texas Insurance Code, entitled "ACTION AGAINST AGENT; INSURER ELECTION OF LEGAL RESPONSIBILITY," provides that in an action to which Chapter 542A applies, "an insurer that is a party to the action may elect to accept whatever liability an agent might have to the claimant for the agent's acts or omissions related to the claim by providing written notice to the claimant."[11] Section 542A.006 further states that "[i]f a claimant files an action to which this chapter applies against an agent and the insurer thereafter makes an election under Subsection (a) with respect to the agent, *the court shall dismiss the action against the agent with prejudice*."[12]

12. The term "agent," as used in Section 542A.006 above, is defined by Section 542A.001 to mean "an employee, agent, representative, or adjuster who performs any act on behalf of an insurer."[13] The Texas Defendants are "agents" as that term is used in Section 542A.006 and defined in Section 542A.001 because they are adjusters and adjusting firms that were retained to and did adjust Plaintiff's claim on behalf of Great Lakes. Incidentally, Plaintiff's Complaint clearly states that these individuals and entities were Great Lakes' agents assigned to

---

[9] *Id.* (emphasis in original).
[10] *See generally* TEX. INS. CODE § 542A.
[11] *See* TEX. INS. CODE § 542A.006(a).
[12] *See* TEX. INS. CODE § 542A.006(c) (emphasis added).
[13] *See* TEX. INS. CODE § 542A.001(1).

4

adjust Plaintiff's claim.[14]

13. On or about December 16, 2019, Great Lakes filed its Original Answer in the state action wherein it elected to assume liability for the Texas Defendants pursuant to Section 542A.006(a).[15] In its Answer in state court, Great Lakes specifically stated that it "hereby elects under Section 542A.006(a) of the Texas Insurance Code to accept whatever liability [the Texas Defendants] might have to Plaintiff for [their] acts or omissions related to the claim that forms the basis of this action."[16]

14. On May 4, 2020, Plaintiff voluntarily nonsuited all causes of action against the adjusters and adjusting firms with prejudice,[17] thereby dismissing them from the state court action with prejudice and rendering the voluntary-involuntary rule inapplicable.[18] Because a nonsuit is effective immediately upon filing[19] and Great Lakes has assumed liability for the Texas Defendants pursuant to Texas law, there is no reasonable basis for this Court to predict that Plaintiff might be able to recover against those Defendants, making Plaintiff's joinder of them to this lawsuit improper. As a result, this case should be removed to federal court.[20]

### ii. 28 U.S.C. 1446(b)(3)

15. Alternatively, should the Court find that the case stated by the initial pleading is not removable due to a lack of complete diversity—a conclusion Great Lakes does not concede—this case nevertheless became removable upon Plaintiff's voluntary nonsuit of all causes of action asserted against the non-diverse Texas Defendants. In accordance with 28 U.S.C. 1446(b)(3), this case was then timely removed to this Court within 30 days after Plaintiff

---

[14] *See* Exhibit A, at paras. 23 and 34.
[15] *See generally* Exhibit A1, at pp. 1-2.
[16] *Id*., at para. 4.
[17] *See* Plaintiffs' Notice of Nonsuit With Prejudice as to Certain Defendants, a true and correct copy of which is attached hereto as Exhibit "A2" and incorporated by reference herein as if set forth *verbatim*.
[18] *See* TEX. INS. CODE § 542A.006(c)
[19] *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862-63 (Tex. 2010).
[20] *See Int'l Energy Ventures* 818 F.3d at 205.

filed its Motion for Nonsuit with Prejudice as to the Texas Defendants on May 5, 2020.

**B.     Amount in Controversy**

16.     Plaintiffs' Original Petition pleads that they seek "monetary relief exceeding $200,000 but not more than $1,000,000."[21] As there is complete diversity of citizenship between the parties, and the amount in controversy exceeds the jurisdictional minimum, removal of this action to the United States for the Southern District of Texas, Victoria Division is therefore proper under 28 U.S. Code § 1332(a).

## TIMING OF REMOVAL

17.     As shown above, this case became removable upon Plaintiffs' filing of their Notice of Nonsuit as to the Texas Defendants on May 4, 2020. this Notice of Removal is filed within 30 days of Defendant's receipt of Plaintiffs' Nonsuit pursuant to 28 U.S.C. §1446(b)(3), and is filed less than one year after commencement of the action pursuant to 28 U.S.C. §1446(c), this Notice is timely filed.

## NOTICE TO ADVERSE PARTIES AND STATE COURT

18.     As the removing party, Defendant will give Plaintiffs prompt written notice of this Notice of Removal pursuant to 28 U.S.C. §1446(d).

19.     Defendant will also file a copy of this Notice of Removal with the 24th Judicial District Court of DeWitt County, Texas, where the state court action is currently pending, as required by 28 U.S.C. §1446(d).

## ANSWER

20.     Defendant has filed a responsive pleading in the state court action, but will timely file an Amended Answer to Plaintiffs' suit in this Honorable Court in order to conform to the Federal Rules of Civil Procedure.

---

[21] *See id.*, at para. 11.

## JURY DEMAND

21. Defendant hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## CONCLUSION AND PRAYER

22. In light of the foregoing, Defendant respectfully removes this civil action styled *Randy Saenz, et al. v. Great Lakes Insurance SE, et al.* originally pending as Cause No. 19-11-25,006 in the 24th Judicial District Court of DeWitt County, Texas.

23. Defendant prays for such other and further relief, both general and special, at law and in equity, to which it may show itself justly entitled.

Respectfully submitted by,

*/s/ Les Pickett*
Les Pickett
  "Attorney-in-Charge"
  Federal I.D. No. 14306
  State Bar No. 15980520
Jake Kauffman
  Federal I.D. No. 2348262
  State Bar No. 24080594

OF COUNSEL:
GALLOWAY, JOHNSON, TOMPKINS,
BURR & SMITH
1301 McKinney Suite 1400
Houston, Texas 77010
(713) 599-0700 – Telephone
(713) 599-0777 – Facsimile
**ATTORNEYS FOR DEFENDANT.**
**GREAT LAKES INSURANCE SE**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 5th day of May 2020, a copy of the above and foregoing Notice of Removal was filed electronically with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

Hunter M. Klein
Robert D. Green
GREEN & KLEIN
440 Louisiana Street, Suite 1900
Houston, Texas 77002
***Counsel for Plaintiffs***

                                              */s/ Jake Kauffman*
                                              Les Pickett
                                              Jake Kauffman