COPY

Filed
11/14/2019 7:38 PM
Tabeth Gardner
DeWitt County
District Clerk
LV

**CAUSE NO.** 19-11-25,006 _____

| | | |
|---|---|---|
| RANDY SAENZ dba TEXAS PHILLY STATION MONSTER BURGER, and TEXAS PHILLY STATION, INC., *Plaintiffs,* | §<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT OF |
| v. | §<br>§ | |
| GREAT LAKES INSURANCE SE, GREAT LAKES REINSURANCE (UK) SE, THE LITTLETON GROUP-EASTERN DIVISION, INC., THE LITTLETON GROUP-WESTERN DIVISION, INC., AUSTIN ROY WRIGHT, and PHILLIP RYAN CASEY, *Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | DEWITT COUNTY, TEXAS<br><br><br>24th  JUDICIAL DISTRICT |

---

### PLAINTIFFS' ORIGINAL PETITION

---

COME NOW Randy Saenz dba Texas Philly Station Monster Burger and Texas Philly Station, Inc. (hereinafter collectively referred to as "Plaintiffs"), complain of Great Lakes Insurance SE, Great Lakes Reinsurance (UK) SE (Great Lakes Insurance SE and Great Lakes Reinsurance (UK) SE hereinafter collectively referred to as "Great Lakes"), The Littleton Group-Eastern Division, Inc. (hereinafter referred to as "Littleton-Eastern"), The Littleton Group-Western Division, Inc. (hereinafter referred to as "Littleton-Western"), Austin Roy Wright (hereinafter referred to as "Wright"), and Phillip Ryan Casey (hereinafter referred to as "Casey") (all hereinafter collectively referred to as "Defendants") and respectfully show as follows:

### I.
### DISCOVERY CONTROL PLAN

**EXHIBIT A**

DEFENDANT'S / RESPONDENT'S COPY

1.      Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.   This case involves complex issues and will require extensive discovery.   Therefore, Plaintiffs ask the court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

## II.
## PARTIES

2.      Plaintiff Randy Saenz dba Texas Philly Station Monster Burger, Inc. is an individual residing in Texas and the owner a for-profit corporation in Texas.

3.      Plaintiff Texas Philly Station, Inc. is a corporation in Texas.

4.      Defendant Great Lakes Insurance SE is an insurance company engaging in the business of insurance in the State of Texas. Defendant Great Lakes Insurance SE may be served with process through the Texas Department of Insurance at P.O. Box 149104, MC 112-2A, Austin, Texas 78714-9104, with further forwarding to c/o Drinker Biddle, 1177 Avenue of The Americas, Floor 41, New York City, New York 10036.

5.      Defendant Great Lakes Reinsurance (UK) SE is an insurance company engaging in the business of insurance in the State of Texas. Defendant Great Lakes Reinsurance (UK) SE may be served with process through the Texas Department of Insurance at P.O. Box 149104, MC 112-2A, Austin, Texas 78714-9104, with further forwarding to c/o Drinker Biddle, 1177 Avenue of The Americas, Floor 41, New York City, New York 10036.

6.      Defendant Littleton Group-Eastern Division, Inc. is an insurance company engaging in the business of insurance in the State of Texas. Defendant Littleton-Eastern may be served with process through their registered agent, Daniel R. Richards, at Richards Rodriguez & Skeith LLP, 816 Congress Ave., Suite 1200, Austin, Texas 78701.

7.    Defendant Littleton Group-Western Division, Inc. is an insurance company engaging in the business of insurance in the State of Texas. Defendant Littleton-Western may be served with process through their registered agent, Daniel R. Richards, at Richards Rodriguez & Skeith LLP, 816 Congress Ave., Suite 1200, Austin, Texas 78701.

8.    Defendant Austin Roy Wright is an individual residing in the State of Texas. Defendant Wright may be served with process at 4791 Spreading Oak Dr., Bulverde, Texas 78163-2762, or wherever he may be found.

9.    Defendant Phillip Ryan Casey is an individual residing in the State of Texas. Defendant Casey may be served with process at the address listed with the Texas Department of Insurance: 1250 S. Capital of Texas Hwy, Bldg 1, Suite 550, Austin, Texas 78746.

10.    The Clerk is requested to issue Citations.

### III.
### JURISDICTION

11.    Plaintiffs seek monetary relief exceeding $200,000 but not more than $1,000,000.  Such damages sought are within the jurisdictional limits of the court.  Plaintiffs contend that the determination of damages is within the sole discretion of the Judge and Jury, but makes stipulation as required by TEX.R.CIV.P. § 47.

12.    The court has jurisdiction over Defendant Great Lakes because this Defendant engages in the business of insurance in Texas, and because Plaintiffs' causes of action arise out of this Defendant's business activities in Texas.

13.    The court has jurisdiction over Defendant Littleton-Eastern because this Defendant engages in the business of insurance in Texas, and because Plaintiffs' causes of action arise out of this Defendant's business activities in Texas.

14.     The court has jurisdiction over Defendant Littleton-Western because this Defendant engages in the business of insurance in Texas, and because Plaintiffs' causes of action arise out of this Defendant's business activities in Texas.

15.     The court has jurisdiction over Defendant Wright because this Defendant engages in the business of insurance in Texas, and because Plaintiffs' causes of action arise out of this Defendant's business activities in Texas.

16.     The court has jurisdiction over Defendant Casey because this Defendant engages in the business of insurance in Texas, and because Plaintiffs' causes of action arise out of this Defendant's business activities in Texas.

**IV.**
**VENUE**

17.     Venue is proper in DeWitt County, Texas, because the insured property giving rise to this cause of action is situated in DeWitt County, Texas.  TEX.CIV.PRAC.REM.CODE §15.032.

**V.**
**NOTICE AND CONDITIONS PRECEDENT**

18.     Pursuant to Tex.Ins. Code § 542A.003(d) presuit notice is impracticable and therefore not required because Plaintiffs have a reasonable basis to believe there is insufficient time to give presuit notice before the limitations period will expire.

19.     All other conditions precedent to suit or payment under the policy have been satisfied by Plaintiffs, excused or waived by Defendant, or Plaintiffs are excused from performance due to Defendants' prior breach of the policy. Defendants have not been prejudiced by Plaintiffs' actions, inactions, or delays, if any.

20.     Plaintiffs contend that the Policy's Amendatory Appraisal Endorsement mandating appraisal as a prerequisite to any legal action is inapplicable. There is no dispute as to the value

of the Property or the amount of loss as required under the appraisal clause because Defendants have continued to wrongfully deny coverage for the Claim. If the Court disagrees with Plaintiffs and finds that appraisal is a necessary presuit requirement, then as an alternative Plaintiffs request the Court abate this case during the period in which appraisal is pending.

## VI.
## FACTS

21.     Plaintiffs are the owner of property located at 901 N. Esplanade, Cuero, Texas 77954 ("Property"). The Property was insured by insurance policy number GK16390616336, issued by Defendant Great Lakes (the "Policy"). Plaintiffs are the owner of the Policy and the named insured under the Policy.

22.     ●n or about August 26, 2017, or another time when the Policy was in effect, a severe wind and hurricane storm, namely Hurricane Harvey, moved through the area causing substantial damage to the Property. These damages constituted a covered loss under the Policy. After becoming aware of the damages to their Property as a result of the storm, Plaintiffs made a claim (claim no. MDC 45232) and demand for payment on Defendant for damages to the Property and other damages covered by the terms of the Policy ("Claim"). After Plaintiffs made the Claim, Defendant failed to comply with the Policy, the Texas Insurance Code and Texas law in handling Plaintiff's claim. Further, Defendant has refused to pay all amounts due and owing under the Policy for the Claim.

23.     Defendant Great Lakes retained Defendant Littleton-Eastern to initially investigate the Claim. Defendant Littleton-Western was also involved during the initial Claim investigation as well. Defendant Littleton-Eastern and Defendant Wright, the adjuster, represented Defendant Great Lakes in the investigation of Plaintiffs' Claim. Defendant Great Lakes relied on the representations made by Defendant Littleton-Eastern and Defendant Wright.

24.     Defendant Wright first inspected the Property in approximately September 2017. During the inspection, Defendant Wright acknowledged to Plaintiffs some of the storm-caused damages from the reported date of loss, yet omitted numerous other obvious damages at the Property. Defendant Wright pointed out to Plaintiffs different areas of the Property that had been damaged by the said storm. Defendant Wright informed Plaintiffs that the damages he observed were covered losses.

25.     After the initial inspection, Defendants delayed processing the Claim. Specifically, they failed to provide timely notice of their acceptance or rejection of the claim under the Texas Insurance Code. It was not until more than a month after the initial inspection by Defendant Wright, that Defendants informed Plaintiffs they required additional time to investigate the Claim. The letter informing Plaintiffs they required additional time failed to provide any proper explanation as to their need for additional time to provide their decision on the Claim.

26.     Defendants also misrepresented the facts of Plaintiffs' Claim and the timeline of events, by making inconsistent and conflicting statements as to the date they received notification of the claim and the date they first inspected the Property. These were all intentional misrepresentations aimed as deceiving Plaintiffs.

27.     Defendant Littleton-Eastern and Defendant Wright then provided Plaintiffs with a denial letter dated November 15, 2017 on behalf of Defendant Great Lakes. Defendant Littleton-Eastern and Defendant Wright wrongfully denied Plaintiffs' Claim based on numerous misrepresentations about the covered losses and the Policy terms. Specifically, Defendant Littleton-Eastern and Defendant Wright claimed that the water damage to the building was due to inadequate maintenance. These statements were in complete contradiction to the storm-caused damages present during their initial inspection.

28.     Defendant Wright claimed the water damages at the Property appeared to have entered through the roof because of wind driven rain. Defendant Wright then cited a policy provision which it claims provides the exclusion for such damage. Defendant Wright misrepresented the covered losses as exclusions under the Cause of Loss Form cited in the denial letter. The Cause of Loss Form Defendant Wright cited to is not contained in Plaintiff's Policy and does not apply to Plaintiffs' all-perils Policy. Plaintiffs' Policy contains "Special" coverage in the declarations page, contrary to the Form Defendants relied on for their denial. The Form This is a completely blatant and intentional misrepresentation of the Policy and is terms; the covered losses at the Property are covered under the Policy. Defendant Wright intentionally misrepresented and fabricated favorable policy terms in order to deny Plaintiffs' Claim. Defendant Wright was aware of the terms and provisions in Plaintiffs' Policy and was aware that it did not exclude the storm-caused damages that were present at the Property. Relying on these misrepresentations, Defendants wrongfully denied Plaintiffs' Claim.

29.     After the wrongful denial of his Claim, Plaintiffs were forced to retain a Public Adjusting firm to assist in the investigation of his Claim.

30.     Defendants' acts and omissions, through their breach of contract, misrepresentations of the covered losses and policy terms, breach of the common law duty of good faith and fair dealing, and violations of the Texas Insurance Code, caused Plaintiffs to retain a Public Adjusting firm and relinquish a portion of any payment made on the Claim for the services provided by the Public Adjusting firm. Therefore, Plaintiffs are entitled to recover a sum for these direct and foreseeable consequential damages from Defendants' wrongful acts and omissions.

31.     Plaintiffs' Public Adjuster inspected the Property and noted numerous areas of storm-caused damages that were omitted from Defendants' prior investigation. Plaintiffs' Public Adjuster presented this estimate to Defendants. Defendants were then put on notice of this "new" information about the claim that refuted their prior findings.

32.     Despite receiving this information about the Claim, Defendants ignored this information and continued to improperly deny Plaintiffs' Claim based on their prior misrepresentations and false contentions. Defendants failed to perform a proper re-investigation of the claim and failed to adjust their estimate to incorporate the covered losses.

33.     Plaintiffs' Public Adjuster requested a reinspection of the Property on numerous occasions. Defendants eventually agreed to a reinspection.

34.     Defendant Casey with Defendant Littleton-Western reinspected the Property in approximately May 2019. During the reinspection, Defendant Casey refused to acknowledge the storm-caused damages at the Property. Defendant Casey was aware of these covered losses from the outset of their investigation yet continued to intentionally ignore them in an effort to avoid liability under the Policy. Defendant Casey grossly undervalued the damages at the Property.

35.     On August 2, 2019, Defendant Casey and Defendant Littleton-Western provided Plaintiffs' Public Adjuster with a letter outlining their findings from the reinspection. Defendant Casey took more than two months after their inspection to provide this letter, despite no report or estimate being produced pursuant to the reinspection.

36.     Defendant Casey's letter claimed that they did in fact find damages to the Property. However, Defendant Casey misrepresented that the damages observed during their reinspection appeared to be new in nature because the photographs from their initial inspection with Defendant Wright did not evidence the same storm-caused damages. This again is a completely

blatant misrepresentation of the covered losses, and clear evidence of Defendants' completely improper and inadequate investigation from the very beginning.

37. Defendant Casey claimed that the damages at the property were from a storm occurring after Hurricane Harvey, thus they refused to acknowledge these covered losses in the adjustment of Plaintiffs' Claim. Defendant Casey's statements are in complete contradiction to Defendant Wright's statements made to Plaintiffs during their initial inspection where he acknowledged numerous areas of storm-caused damages at the Property. Based on this misrepresentation, Defendant Casey recommended Plaintiffs file a new claim for the damages from this alleged "new" storm.

38. The damages at the Property during Defendants' reinspection were known to Defendants from the very outset of their investigation but were intentionally ignored in the adjustment of Plaintiffs' Claim. Defendants relied numerous misrepresentations to avoid liability under for the Claim as owed under the Policy.

39. After receiving Defendant's letter, Plaintiffs' Public Adjuster requested the photographs from Defendant Wright's initial inspection which Defendant Casey was basing their allegations and denial on. Defendant Casey refused to produce these photos. Despite numerous requests for these photographs, Defendant Casey continued to refuse to provide any evidence for their allegation that damages noted during their reinspection were "new" damages not present during their initial inspection.

40. Defendant Great Lakes knowingly retained biased adjusters, Wright and Casey with Littleton-Eastern and Littleton-Western, to assist them in the denial of Plaintiffs' Claim in order avoid any payment as owed under the Policy. Defendant Great Lakes relied on all the said misrepresentations in the denial of Plaintiffs' Claim.

41.     The covered losses at the Property from the reported date of loss were obvious to Defendants from the outset of their investigation. Despite this, Defendants continued to improperly adjust Plaintiffs' Claim in an effort to avoid liability under the Policy. To date, Defendants have provided nothing but misrepresentations about the actual damages and the Policy terms as support for their Claim denial.

42.     Plaintiffs and Plaintiffs' Property continue to suffer as a result of Defendants' delays and wrongful Claim denial.

43.     Defendants misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was covered by the Policy. Defendants failed to conduct any investigation or provide any estimates to Plaintiffs, and misrepresented to Plaintiffs about the coverage of the Policy. Thus, their denial to fully compensate Plaintiffs was a misrepresentation of the Policy. Defendants' conduct constitutes a violation of TEX.INS.CODE §541.060(a)(1).

44.     Defendants failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiffs' Claim, when Defendants' liability was reasonably clear. Specifically, Defendants adjusted the entire Claim with an outcome-oriented approach and failed to commence investigation of the Claim. This resulted in Defendants' delayed completion of the investigation of the Claim. Defendants failed to use any qualified adjusters and inspectors to conduct investigations of the Property. Defendants' conduct constitutes a violation of TEX.INS.CODE §541.060(a)(2)(a).

45.     Defendants failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants did not

communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did Defendants provide any explanation for the failure to adequately settle Plaintiffs' claim. Defendants' conduct constitutes a violation of TEX.INS.CODE §541.060(a)(3).

46.    Defendants failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claims, in writing from Defendants. Defendants continued to rely on misrepresentations in their inadequate explanation and refused to adjust or fully account for the additional documents presented to them evidencing Storm damage to the Property. Defendants' conduct constitutes a violation of TEX.INS.CODE §541.060(a)(4).

47.    Defendants refused to fully compensate Plaintiffs for the Claim without conducting a reasonable investigation of the Claim. Rather, Defendants performed an unreasonable outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' Claim. Further, Defendants refused to further investigate the Claim despite being presented with multiple additional reports and estimates exhibiting the full extent of damages at the Property. Defendants ignored these reports and continued to rely on misrepresentations about the date of the Storm and subsequent Storm and covered perils under the Policy. Defendants' conduct constitutes a violation of TEX.INS.CODE §541.060(a)(7).

48.    Defendants failed to meet its obligations under the Texas Insurance Code regarding the timely acknowledgement of Plaintiffs' claim, beginning an investigation of Plaintiffs' claim and requesting all information reasonably necessary to investigate Plaintiffs' claim within the statutorily mandated time of receiving notice of Plaintiffs' claim. Defendants' conduct constitutes a violation of TEX.INS.CODE §542.055.

49.     Defendants failed to accept or deny Plaintiffs' full and entire Claim within the statutorily mandated time of receiving all necessary information.   Defendant's conduct constitutes a violation of TEX.INS.CODE §542.056.

50.     Defendants failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay.   Specifically, Defendants have delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not yet received full payment for Plaintiffs' claim. The Property's covered damages under the Policy were made known to Defendants at the outset of the Claim investigation, yet Defendants refused to comply with their obligations and make payments owed under the Policy. Defendants' conduct constitutes a violation of TEX.INS.CODE §541.058.

51.     From and after the time Plaintiffs' claim was presented to Defendants, the liability of Defendants to pay the full claims in accordance with the terms of the Policy was reasonably clear.   However, Defendants have refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment.   Defendants' conduct constitutes a breach of the common law duty of good faith and fair dealing.

52.     Defendants knowingly and/or recklessly made false representations, as described above, as to material facts and/or knowingly concealed material information from Plaintiffs.

53.     Because of Defendants' wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the law firm who is representing Plaintiffs with respect to these causes of action.

## VII.
## CAUSES OF ACTION AGAINST DEFENDANT GREAT LAKES

54.     Defendant Great Lakes is liable to Plaintiffs for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

55.     Plaintiffs reincorporate and reallege each and every allegation in the preceding paragraphs as if fully set forth herein.

**A.      Breach of Contract.**

56.     The Policy is a valid, binding and enforceable contract between Plaintiffs and Defendant Great Lakes.  Defendant breached the contract by refusing to perform its obligations under the terms of the Policy and pursuant to Texas law.  Defendant's breach proximately caused Plaintiffs injuries and damages.  All conditions precedent required under the Policy have been performed, excused, waived or otherwise satisfied by Plaintiffs, or Defendant is estopped from raising the issue due to Defendant's prior breach of the insurance contract.

**B.      Noncompliance With Texas Insurance Code: Unfair Settlement Practices.**

57.     The conduct, acts, and/or omissions by Defendant constituted Unfair Settlement Practices pursuant to TEX. INS. CODE.§541.060(a).  All violations under this article are made actionable by TEX.INS.CODE §541.151.

58.     Defendant's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(1).

59.     Defendant's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant's liability under the Policy was reasonably clear, constitutes an unfair method of competition and

an unfair and deceptive act or practice in the business of insurance.   TEX.INS.CODE §541.060(2)(A).

60.     Defendant's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(3).

61.     Defendant's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(4).

62.     Defendant's unfair settlement practice, as described above, of refusing to pay Plaintiffs' Claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(7).

63.     Defendant's conduct described above compelled Plaintiffs to initiate a lawsuit to recover amounts due under its policy by offering substantially less than the amount ultimately recovered. Defendant refused to even offer more than its own grossly undervalued estimates despite actual damages which were much greater.   This continued failure compelled Plaintiffs to file suit. TEX.INS.CODE §542.003(5).

### C.     Prompt Payment Of Claims Violations.

64.     The Claim is a claim under an insurance policy with Defendant Great Lakes of which Plaintiffs gave Defendant notice.   Defendant is liable for the Claim.   Defendant violated the

prompt payment of claims provisions of TEX. INS. CODE § 542.051, *et seq.* by:

a) Failing to acknowledge receipt of the Claim, commence investigation of the Claim, and/or request from Plaintiffs all items, statements, and forms that Defendant reasonably believed would be required within the time constraints provided by TEX. INS. CODE §542.055. Specifically, Defendant failed to commence a proper investigation of the Claim and failed to request the documents and other forms it required to properly adjust Plaintiffs' Claim within a reasonable time and manner. Defendant delayed proper investigation of this Claim and continued to conduct inadequate analysis of the Claim.;

b) Failing to notify Plaintiffs in writing of its acceptance or rejection of the Claim within the applicable time constraints provided by TEX. INS. CODE §542.056. Defendant failed to provide Plaintiffs with a proper explanation of their Claim decision. Defendant also failed to provide a proper explanation as to why additional time was needed for the investigation. Defendant failed to provide a proper explanation of their denial and instead relied on misrepresentations about the policy terms and covered losses as a basis for their claim decision. Defendant has refused to provide any evidence for their claim denial, specifically evidence for their claim that the damages at the Property were from a subsequent storm.; and/or by

c) Delaying payment of the Claim following Defendant's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by TEX. INS. CODE §542.058. To date, Defendant has refused to pay the full amount owed under the Policy for the Claim. Defendant continues to delay full resolution of the Claim by refusing to properly adjust Plaintiffs' Claim.

65.   Defendant's violations of these prompt payment of claims provisions of the Texas Insurance Code are made actionable by TEX.INS.CODE §542.060.

**D.      Breach Of The Duty Of Good Faith And Fair Dealing.**

66.   Defendant breached the common law duty of good faith and fair dealing owed to Plaintiffs by denying or delaying payment on the Claim when Defendant knew or should have known that its liability to Plaintiffs were reasonably clear.  Defendant's conduct proximately caused Plaintiffs injuries and damages.

## VIII.
## CAUSES OF ACTION AGAINST DEFENDANT AUSTIN ROY WRIGHT

67.     Defendant Austin Roy Wright is liable to Plaintiffs for intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

68.     Plaintiffs reincorporate and reallege each and every allegation in the preceding paragraphs as if fully set forth herein.

**A.      Noncompliance With Texas Insurance Code: Unfair Settlement Practices.**

69.     The conduct, acts, and/or omissions by Defendant Wright constituted Unfair Settlement Practices pursuant to TEX. INS. CODE.§541.060(a).   All violations under this article are made actionable by TEX.INS.CODE §541.151.

70.     Defendant's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(1).

71.     Defendant's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.   TEX.INS.CODE §541.060(2)(A).

72.     Defendant's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(3).

73.     Defendant's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(4).

74.     Defendant's unfair settlement practice, as described above, of refusing to pay Plaintiffs' Claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(7).

75.     Defendant's conduct described above compelled Plaintiffs to initiate a lawsuit to recover amounts due under its policy by offering substantially less than the amount ultimately recovered. Defendant refused to even offer more than its own grossly undervalued estimates despite actual damages which were much greater.   This continued failure compelled Plaintiffs to file suit. TEX.INS.CODE §542.003(5).

**B.      Prompt Payment Of Claims Violations.**

76.     The Claim is a claim under an insurance policy with Defendant of which Plaintiffs gave Defendant notice.  Defendant is liable for the Claim.  Defendant violated the prompt payment of claims provisions of TEX. INS. CODE § 542.051, *et seq.* by:

   a) Failing to acknowledge receipt of the Claim, commence investigation of the Claim, and/or request from Plaintiffs all items, statements, and forms that Defendant reasonably believed would be required within the time constraints provided by TEX. INS. CODE §542.055. Specifically, Defendant failed to commence a proper investigation of the Claim and failed to request the documents and other forms it required to properly adjust Plaintiffs' Claim within a reasonable time and manner. Defendant delayed proper investigation of this Claim and continued to conduct inadequate analysis of the Claim.;

   b) Failing to notify Plaintiffs in writing of its acceptance or rejection of the Claim within the applicable time constraints provided by TEX. INS. CODE §542.056. Defendant failed to provide Plaintiffs with a proper explanation of their Claim decision.

Defendant also failed to provide a proper explanation as to why additional time was needed for the investigation. Defendant failed to provide a proper explanation of their denial and instead relied on misrepresentations about the policy terms and covered losses as a basis for their claim decision. Defendant has refused to provide any evidence for their claim denial.; and/or by

c) Delaying payment of the Claim following Defendant's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by TEX. INS. CODE §542.058. To date, Defendant has refused to pay the full amount owed under the Policy for the Claim. Defendant continues to delay full resolution of the Claim by refusing to properly adjust Plaintiffs' Claim.

77.     Defendant's violations of these prompt payment of claims provisions of the Texas Insurance Code are made actionable by TEX.INS.CODE §542.060.

### C.     Breach Of The Duty Of Good Faith And Fair Dealing.

78.     Defendant breached the common law duty of good faith and fair dealing owed to Plaintiffs by denying or delaying payment on the Claim when Defendant knew or should have known that its liability to Plaintiffs were reasonably clear.  Defendant's conduct proximately caused Plaintiffs injuries and damages.

## IX.
## CAUSES OF ACTION AGAINST DEFENDANT PHILLIP RYAN CASEY

79.     Defendant Phillip Ryan Casey is liable to Plaintiffs for intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

80.     Plaintiffs reincorporate and reallege each and every allegation in the preceding paragraphs as if fully set forth herein.

### A.     Noncompliance With Texas Insurance Code: Unfair Settlement Practices.

81.     The conduct, acts, and/or omissions by Defendant constituted Unfair Settlement Practices pursuant to TEX. INS. CODE.§541.060(a).  All violations under this article are made actionable by TEX.INS.CODE §541.151.

82.    Defendant's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(1).

83.    Defendant's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.    TEX.INS.CODE §541.060(2)(A).

84.    Defendant's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(3).

85.    Defendant's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(4).

86.    Defendant's unfair settlement practice, as described above, of refusing to pay Plaintiffs' Claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(7).

87.    Defendant's conduct described above compelled Plaintiffs to initiate a lawsuit to recover

amounts due under its policy by offering substantially less than the amount ultimately recovered.

Defendant refused to even offer more than its own grossly undervalued estimates despite actual

damages which were much greater.   This continued failure compelled Plaintiffs to file suit.

TEX.INS.CODE §542.003(5).

### B.   Prompt Payment Of Claims Violations.

88.   The Claim is a claim under an insurance policy with Defendant of which Plaintiffs gave

Defendant notice.   Defendant is liable for the Claim.   Defendant violated the prompt payment of

claims provisions of TEX. INS. CODE § 542.051, *et seq.* by:

a) Failing to acknowledge receipt of the Claim, commence investigation of the Claim, and/or request from Plaintiffs all items, statements, and forms that Defendant reasonably believed would be required within the time constraints provided by TEX. INS. CODE §542.055. Specifically, Defendant failed to commence a proper investigation of the Claim and failed to request the documents and other forms it required to properly adjust Plaintiffs' Claim within a reasonable time and manner. Defendant delayed proper investigation of this Claim and continued to conduct inadequate analysis of the Claim.;

b) Failing to notify Plaintiffs in writing of its acceptance or rejection of the Claim within the applicable time constraints provided by TEX. INS. CODE §542.056. Defendant failed to provide Plaintiffs with a proper explanation of their Claim decision. Defendant also failed to provide a proper explanation as to why additional time was needed for the investigation. Defendant failed to provide a proper explanation of their denial and instead relied on misrepresentations about the policy terms and covered losses as a basis for their claim decision. Defendant has refused to provide any evidence for their claim denial, specifically evidence for their claim that the damages at the Property were from a subsequent storm.; and/or by

c) Delaying payment of the Claim following Defendant's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by TEX. INS. CODE §542.058. To date, Defendant has refused to pay the full amount owed under the Policy for the Claim. Defendant continues to delay full resolution of the Claim by refusing to properly adjust Plaintiffs' Claim.

89.   Defendant's violations of these prompt payment of claims provisions of the Texas

Insurance Code are made actionable by TEX.INS.CODE §542.060.

### C.   Breach Of The Duty Of Good Faith And Fair Dealing.

90.     Defendant Casey breached the common law duty of good faith and fair dealing owed to Plaintiffs by denying or delaying payment on the Claim when Defendant knew or should have known that its liability to Plaintiffs were reasonably clear.   Defendant's conduct proximately caused Plaintiffs injuries and damages.

## X.
## CAUSES OF ACTION AGAINST DEFENDANT LITTLETON-EASTERN

91.     Defendant Littleton-Eastern is liable to Plaintiffs for intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

92.     Plaintiffs reincorporate and reallege each and every allegation in the preceding paragraphs as if fully set forth herein.

### A.     Noncompliance With Texas Insurance Code: Unfair Settlement Practices.

93.     The conduct, acts, and/or omissions by Defendant constituted Unfair Settlement Practices pursuant to TEX. INS. CODE.§541.060(a).  All violations under this article are made actionable by TEX.INS.CODE §541. 151.

94.     Defendant's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(1).

95.     Defendant's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.   TEX.INS.CODE §541.060(2)(A).

96.     Defendant's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(3).

97.     Defendant's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(4).

98.     Defendant's unfair settlement practice, as described above, of refusing to pay Plaintiffs' Claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(7).

99.     Defendant's conduct described above compelled Plaintiffs to initiate a lawsuit to recover amounts due under its policy by offering substantially less than the amount ultimately recovered. Defendant refused to even offer more than its own grossly undervalued estimates despite actual damages which were much greater. This continued failure compelled Plaintiffs to file suit. TEX.INS.CODE §542.003(5).

### B.     Prompt Payment Of Claims Violations.

100.     The Claim is a claim under an insurance policy with Defendant of which Plaintiffs gave Defendant notice. Defendant is liable for the Claim. Defendant violated the prompt payment of claims provisions of TEX. INS. CODE § 542.051, *et seq.* by:

      a) Failing to acknowledge receipt of the Claim, commence investigation of the Claim, and/or request from Plaintiffs all items, statements, and forms that Defendant

reasonably believed would be required within the time constraints provided by TEX. INS. CODE §542.055. Specifically, Defendant failed to commence a proper investigation of the Claim and failed to request the documents and other forms it required to properly adjust Plaintiffs' Claim within a reasonable time and manner. Defendant delayed proper investigation of this Claim and continued to conduct inadequate analysis of the Claim.;

b) Failing to notify Plaintiffs in writing of its acceptance or rejection of the Claim within the applicable time constraints provided by TEX. INS. CODE §542.056. Defendant failed to provide Plaintiffs with a proper explanation of their Claim decision. Defendant also failed to provide a proper explanation as to why additional time was needed for the investigation. Defendant failed to provide a proper explanation of their denial and instead relied on misrepresentations about the policy terms and covered losses as a basis for their claim decision. Defendant has refused to provide any evidence for their claim denial, specifically evidence for their claim that the damages at the Property were from a subsequent storm.; and/or by

c) Delaying payment of the Claim following Defendant's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by TEX. INS. CODE §542.058. To date, Defendant has refused to pay the full amount owed under the Policy for the Claim. Defendant continues to delay full resolution of the Claim by refusing to properly adjust Plaintiffs' Claim.

101.    Defendant's violations of these prompt payment of claims provisions of the Texas Insurance Code are made actionable by TEX.INS.CODE §542.060.

### C.    Breach Of The Duty Of Good Faith And Fair Dealing.

102.    Defendant Littleton-Eastern breached the common law duty of good faith and fair dealing owed to Plaintiffs by denying or delaying payment on the Claim when Defendant knew or should have known that its liability to Plaintiffs were reasonably clear.    Defendant's conduct proximately caused Plaintiffs injuries and damages.

### XI.
### CAUSES OF ACTION AGAINST DEFENDANT LITTLETON-WESTERN

103.    Defendant Littleton-Western is liable to Plaintiffs for intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

104.   Plaintiffs reincorporate and reallege each and every allegation in the preceding paragraphs as if fully set forth herein.

**A.      Noncompliance With Texas Insurance Code: Unfair Settlement Practices.**

105.   The conduct, acts, and/or omissions by Defendant Littleton-Western constituted Unfair Settlement Practices pursuant to TEX. INS. CODE.§541.060(a).  All violations under this article are made actionable by TEX.INS.CODE §541.151.

106.   Defendant's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(1).

107.   Defendant's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.   TEX.INS.CODE §541.060(2)(A).

108.   Defendant's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(3).

109.   Defendant's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs or to submit a reservation of rights to

Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(4).

110.   Defendant's unfair settlement practice, as described above, of refusing to pay Plaintiffs' Claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(7).

111.   Defendant's conduct described above compelled Plaintiffs to initiate a lawsuit to recover amounts due under its policy by offering substantially less than the amount ultimately recovered. Defendant refused to even offer more than its own grossly undervalued estimates despite actual damages which were much greater.   This continued failure compelled Plaintiffs to file suit. TEX.INS.CODE §542.003(5).

### B.   Prompt Payment Of Claims Violations.

112.   The Claim is a claim under an insurance policy with Defendant of which Plaintiffs gave Defendant notice.  Defendant is liable for the Claim.  Defendant violated the prompt payment of claims provisions of TEX. INS. CODE § 542.051, *et seq*. by:

a) Failing to acknowledge receipt of the Claim, commence investigation of the Claim, and/or request from Plaintiffs all items, statements, and forms that Defendant reasonably believed would be required within the time constraints provided by TEX. INS. CODE §542.055. Specifically, Defendant failed to commence a proper investigation of the Claim and failed to request the documents and other forms it required to properly adjust Plaintiffs' Claim within a reasonable time and manner. Defendant delayed proper investigation of this Claim and continued to conduct inadequate analysis of the Claim.;

b) Failing to notify Plaintiffs in writing of its acceptance or rejection of the Claim within the applicable time constraints provided by TEX. INS. CODE §542.056. Defendant failed to provide Plaintiffs with a proper explanation of their Claim decision. Defendant also failed to provide a proper explanation as to why additional time was needed for the investigation. Defendant failed to provide a proper explanation of their denial and instead relied on misrepresentations about the policy terms and covered losses as a basis for their claim decision. Defendant has refused to provide any

evidence for their claim denial, specifically evidence for their claim that the damages at the Property were from a subsequent storm.; and/or by

c)  Delaying payment of the Claim following Defendant's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by TEX. INS. CODE §542.058. To date, Defendant has refused to pay the full amount owed under the Policy for the Claim. Defendant continues to delay full resolution of the Claim by refusing to properly adjust Plaintiffs' Claim.

113.    Defendant's violations of these prompt payment of claims provisions of the Texas Insurance Code are made actionable by TEX.INS.CODE §542.060.

### C.    Breach Of The Duty Of Good Faith And Fair Dealing.

114.    Defendant Littleton-Western breached the common law duty of good faith and fair dealing owed to Plaintiffs by denying or delaying payment on the Claim when Defendant knew or should have known that its liability to Plaintiffs were reasonably clear.  Defendant's conduct proximately caused Plaintiffs injuries and damages.

### XII.
### KNOWLEDGE

115.    Each of the Defendants' acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and was a producing cause of Plaintiffs' damages described herein.

### XIII.
### DAMAGES

116.    Plaintiffs will show that all the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

117.    For breach of contract, Plaintiffs are entitled to regain the benefit of Plaintiffs' bargain, which is the amount of Plaintiffs' claim, together with attorney fees.

118.    For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiffs ask for three times Plaintiffs' actual damages. TEX.INS.CODE §541.152.

119.    For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of Plaintiffs' claim, penalty interest per annum (calculated by adding five (5) percent to the current interest rate as determined by the Board of Governors of the Federal Reserve System) of the amount of Plaintiffs' claim as damages, together with attorney's fees. TEX.INS.CODE §542.060.

120.    For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional distress.

121.    Defendants' acts and omissions, through their breach of contract, breach of the common law duty of good faith and fair dealing, and violations of the Texas Insurance Code, caused Plaintiffs to retain a Public Adjusting firm and relinquish a portion of any payment made on the Claim for the services provided by the Public Adjusting firm. Therefore, Plaintiffs are entitled to recover a sum for these direct and foreseeable consequential damages from Defendants' wrongful acts and omissions.

122.    For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the law firms whose names are subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in

the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## XIV.
## JURY DEMAND

123.   Plaintiffs hereby request a jury trial and tenders the appropriate jury fee.

## XV.
## REQUEST FOR DISCLOSURE

124.   Pursuant to Texas Rule of Civil Procedure 194, Plaintiffs request that Defendants disclose the information or material described in Rule 194.2.

## XVI.
## PRAYER

125.   WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, Plaintiffs have and recover such sums as would reasonably and justly compensate Plaintiffs in accordance with the rules of law and procedure, both as to actual damages, statutory penalties and interest, treble damages under the Texas Insurance Code and all punitive and exemplary damages as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiffs may show itself to be justly entitled.

Respectfully submitted,

**GREEN & KLEIN**

By:   */s/   Hunter M. Klein*
HUNTER M. KLEIN
State Bar No.: 24082117
klein@greentriallaw.com
ROBERT D. GREEN
State Bar No.: 08368025
green@greentriallaw.com

440 Louisiana St., Suite 1900
Houston, Texas 77002
(713) 654-9222 - Telephone
(713) 654-52155 - Fax

EMAILED COPY

**Citation for Personal Service**

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation, petition and request a default judgment may be taken against you."

TO **GREAT LAKES REINSURANCE (UK) SE, By Serving the Texas Department of Insurance, P.O. Box 149104, MC 112-2A, Austin, Texas 78714-9104, with further forwarding to Mr. Edward Smith, Mendes and Mount, LLP, 750 Seventh Avenue, New York, New York 10019-6829,** Defendant, Greeting:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Plaintiffs' Original Petition at or before ten o'clock a.m. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable District Court **24ᵗʰ** Judicial District of DeWitt County, Texas, at the Courthouse of said County, 307 N. Gonzales Street, Cuero, Texas.

Said Plaintiffs' Petition and Request was filed in said court, by Mr. Hunter M. Klein, whose address is 440 Louisiana St., Suite 1900, Houston, Texas 77002 on this **14ᵗʰ** day of **November**, A.D., **2019**, in this case, numbered **19-11-25,006**, on the docket of said court, and styled,

**RANDY SAENZ DBA TEXAS PHILLY STATION
MONSTER BURGER, AND TEXAS PHILLY STATION, INC.,
V.
GREAT LAKES INSURANCE SE, GREAT LAKES REINSURANCE
(UK) SE, THE LITTLETON GROUP-EASTERN DIVISION, INC., THE
LITTLETON GROUP-WESTERN DIVISION, INC., AUSTIN ROY
WRIGHT, AND PHILLIP RYAN CASEY**

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Plaintiffs' Original Petition, accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Cuero, Texas, this the **21ˢᵗ** day of **November**, A.D., **2019**.

CLERK OF THE COURT
TABETH GARDNER
DeWitt County District Clerk
307 N. Gonzales Street
Cuero, Texas  77954

TABETH GARDNER
DeWitt County District Clerk

By _Chelsea N. Williams_ _____ Deputy

FILE NO. **19-11-25,006**

**IN DISTRICT COURT**
**24TH JUDICIAL DISTRICT**
**OF DEWITT COUNTY, TEXAS**

### CITATION FOR PERSONAL SERVICE

**RANDY SAENZ DBA TEXAS PHILLY STATION**
**MONSTER BURGER, AND TEXAS PHILLY STATION, INC.,**
**V.**
**GREAT LAKES INSURANCE SE, GREAT LAKES REINSURANCE**
**(UK) SE, THE LITTLETON GROUP-EASTERN DIVISION, INC., THE**
**LITTLETON GROUP-WESTERN DIVISION, INC., AUSTIN ROY**
**WRIGHT, AND PHILLIP RYAN CASEY**

Issued November 21, 2019
TABETH GARDNER
DeWitt County District Clerk

By_____,Deputy

### OFFICER'S RETURN BY MAILING

CAME TO HAND ON THE 21ST DAY OF NOVEMBER, 2019 AND EXECUTED BY MAILING CERTIFIED
MAIL RETURN RECEIPT A TRUE COPY OF CITATION TOGETHER WITH A COPY OF PLAINTIFFS'
ORIGINAL PETITION AT THE FOLLOWING ADDRESS.

| NAME & ADDRESS | DATE SIGNED | BY WHOM |
|---|---|---|
| GREAT LAKES REINSURANCE (UK) SE, BY SERVING | 11/26/19 | Scott Pearson |
| THE TEXAS DEPARTMENT OF INSURANCE, | | |
| P.O. BOX 149104, MC 112-2A | | |
| AUSTIN, TEXAS 78714-9104 | | |
| WITH FURTHER FORWARDING TO | | |
| MR. EDWARD SMITH, MENDES AND MOUNT, LLP | | |
| 750 SEVENTH AVENUE, | | |
| NEW YORK, NEW YORK 10019-6829 | | |

AS EVIDENCED BY THE SIGNED RETURN RECEIPT ATTACHED HERETO AND INCORPORATED IN
THE RETURN.

NOT EXECUTED AS TO _____          FOR THE FOLLOWING REASON

TO CERTIFY WHICH WITNESS MY HAND OFFICIALLY.  FEE FOR SERVICE: $85.00

TABETH GARDNER
DeWitt County District Clerk

BY_____,DEPUTY

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to: 

GREAT LAKES REINSURANCE (UK) SE
BY SERVING THE
TEXAS DEPARTMENT OF INSURANCE
P.O. BOX 149104, MC 112-2A
AUSTIN, TEXAS 78714-9104

9590 9402 3290 7196 2051 89

2. Article Number *(Transfer from service label)*

7017 1450 0001 3470 1535

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Scott Pearson_   ☐ Agent   ☐ Addressee

B. Received by *(Printed Name)*   C. Date of Delivery
Scott Pearson   NOV 2 6 2019

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053                Domestic Return Receipt

**USPS TRACKING #**

9590 9402 3290 7196 2051 89

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States
Postal Service**

FILED

___ day of ___
at __10:54__ o'clock ___ 'M

DEC 04 2019

TABETH GARDNER, Clerk
Dist. Court, DeWitt County, Texas
By_____ Deputy

• Sender: Please print your name, address, and ZIP+4® in this box•

**TABETH GARDNER
DeWitt Co. District Clerk
307 N. Gonzales
Cuero, Texas 77954**

EMAILED COPY

## CITATION FOR PERSONAL SERVICE

**RANDY SAENZ DBA TEXAS PHILLY STATION
MONSTER BURGER, AND TEXAS PHILLY STATION, INC.,
V.
GREAT LAKES INSURANCE SE, GREAT LAKES REINSURANCE
(UK) SE, THE LITTLETON GROUP-EASTERN DIVISION, INC., THE
LITTLETON GROUP-WESTERN DIVISION, INC., AUSTIN ROY
WRIGHT, AND PHILLIP RYAN CASEY**

Issued November 21, 2019
TABETH GARDNER
DeWitt County District Clerk

By *[signature]*              ,Deputy

## OFFICER'S RETURN BY MAILING

CAME TO HAND ON THE <u>21ST</u> DAY OF <u>NOVEMBER, 2019</u> AND EXECUTED BY MAILING CERTIFIED
MAIL RETURN RECEIPT A TRUE COPY OF CITATION TOGETHER WITH A COPY OF PLAINTIFFS'
ORIGINAL PETITION AT THE FOLLOWING ADDRESS.

| NAME & ADDRESS | DATE SIGNED | BY WHOM |
|---|---|---|
| <u>PHILLIP RYAN CASEY</u> | 11/25/19 | M.Thweatt |
| <u>TEXAS DEPARTMENT OF INSURANCE</u> | | |
| <u>1250 S. CAPITAL OF TEXAS HWY, BLDG. 1, SUITE 550</u> | | |
| <u>AUSTIN, TEXAS 78746</u> | | |

AS EVIDENCED BY THE SIGNED RETURN RECEIPT ATTACHED HERETO AND INCORPORATED IN
THE RETURN.

NOT EXECUTED AS TO _____        FOR THE FOLLOWING REASON

TO CERTIFY WHICH WITNESS MY HAND OFFICIALLY.  FEE FOR SERVICE: <u>$85.00</u>

TABETH GARDNER
DeWitt County District Clerk

BY *[signature]* ,DEPUTY

**SENDER:** *COMPLETE THIS SECTION*

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to: #25,000

PHILLIP RYAN CASEY
TEXAS DEPARTMENT OF INSURANCE
1250 S. CAPITAL OF TEXAS HWY, BLDG. 1, SUITE 550
AUSTIN, TEXAS 78746

9590 9402 3290 7196 2052 26

2. Article Number *(Transfer from service label)*

7017 1450 0001 3470 1108

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X M. Thweatt
☐ Agent
☐ Addressee

B. Received by *(Printed Name)*
M. THWEATT

C. Date of Delivery
11/28/17

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form **3811**, July 2015 PSN 7530-02-000-9053

Domestic Return Receipt



EMAILED COPY

**Citation for Personal Service**

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation, petition and request a default judgment may be taken against you."

TO **AUSTIN ROY WRIGHT, 4791 Spreading Oak Dr., Bulverde, Texas 78163-2762,** Defendant, Greeting:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Plaintiffs' Original Petition at or before ten o'clock a.m. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable District Court **24th** Judicial District of DeWitt County, Texas, at the Courthouse of said County, 307 N. Gonzales Street, Cuero, Texas.

Said Plaintiffs' Petition and Request was filed in said court, by Mr. Hunter M. Klein, whose address is 440 Louisiana St., Suite 1900, Houston, Texas 77002 on this **14th** day of **November**, A.D., **2019**, in this case, numbered **19-11-25,006**, on the docket of said court, and styled,

**RANDY SAENZ DBA TEXAS PHILLY STATION**
**MONSTER BURGER, AND TEXAS PHILLY STATION, INC.,**
**V.**
**GREAT LAKES INSURANCE SE, GREAT LAKES REINSURANCE**
**(UK) SE, THE LITTLETON GROUP-EASTERN DIVISION, INC., THE**
**LITTLETON GROUP-WESTERN DIVISION, INC., AUSTIN ROY**
**WRIGHT, AND PHILLIP RYAN CASEY**

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Plaintiffs' Original Petition, accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Cuero, Texas, this the **21st** day of **November**, A.D., **2019**.

CLERK OF THE COURT
TABETH GARDNER
DeWitt County District Clerk
307 N. Gonzales Street
Cuero, Texas  77954

TABETH GARDNER
DeWitt County District Clerk

By _Julian M Pablan_ _____  Deputy

FILE NO. **19-11-25,006**

**IN DISTRICT COURT**
**24TH JUDICIAL DISTRICT**
**OF DEWITT COUNTY, TEXAS**

## CITATION FOR PERSONAL SERVICE

**RANDY SAENZ DBA TEXAS PHILLY STATION**
**MONSTER BURGER, AND TEXAS PHILLY STATION, INC.,**
**V.**
**GREAT LAKES INSURANCE SE, GREAT LAKES REINSURANCE**
**(UK) SE, THE LITTLETON GROUP-EASTERN DIVISION, INC., THE**
**LITTLETON GROUP-WESTERN DIVISION, INC., AUSTIN ROY**
**WRIGHT, AND PHILLIP RYAN CASEY**

Issued November 21, 2019
TABETH GARDNER
DeWitt County District Clerk

By _Chelsea M Bucklaur_ ,Deputy

## OFFICER'S RETURN BY MAILING

CAME TO HAND ON THE 21ST DAY OF NOVEMBER, 2019 AND EXECUTED BY MAILING CERTIFIED
MAIL RETURN RECEIPT A TRUE COPY OF CITATION TOGETHER WITH A COPY OF PLAINTIFFS'
ORIGINAL PETITION AT THE FOLLOWING ADDRESS.

| NAME & ADDRESS | DATE SIGNED | BY WHOM |
|---|---|---|
| AUSTIN ROY WRIGHT | 11/23 | A. Wright |
| 4791 SPREADING OAK DR. | | |
| BULVERDE, TEXAS 78163-2762 | | |

AS EVIDENCED BY THE SIGNED RETURN RECEIPT ATTACHED HERETO AND INCORPORATED IN
THE RETURN.

NOT EXECUTED AS TO _____          FOR THE FOLLOWING REASON

TO CERTIFY WHICH WITNESS MY HAND OFFICIALLY. FEE FOR SERVICE: $85.00

TABETH GARDNER
DeWitt County District Clerk

BY _Chelsea M Bucklaur_ ,DEPUTY

**SENDER:** *COMPLETE THIS SECTION*

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to: #25,000          CK

AUSTIN ROY WRIGHT
4791 SPREADING OAK DR.
BULVERDE, TEXAS 78163-2762



9590 9402 3290 7196 2052 19

2. Article Number *(Transfer from service label)*

7017 1450 0001 3470 1511

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X _Wright_          ☑ Agent
☐ Addressee

B. Received by *(Printed Name)*          C. Date of Delivery

_Wright_          1-23

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☑ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form **3811**, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

**USPS TRACKING #**



9590 9402 3290 7196 2052 19

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States**
**Postal Service**

● Sender: Please print your name, address, and ZIP+4® in this box●



FILED
____ day of ____
at ___10:30___ o'clock ___a___ ' M
NOV 27 2019
TABETH GARDNER, Clerk
Dist. Court, DeWitt County, Texas
By _____ Deputy

**TABETH GARDNER**
**DeWitt Co. District Clerk**
**307 N. Gonzales**
**Cuero, Texas 77954**

EMAILED COPY

11/26

EMAILED COPY

**Citation for Personal Service**

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation, petition and request a default judgment may be taken against you."

TO **THE LITTLETON GROUP-EASTERN DIVISION, INC., By Serving Registered Agent, Daniel R. Richards, at Richards Rodriguez & Skeith LLP, 816 Congress Ave., Suite 1200, Austin, Texas 78701,** Defendant, Greeting:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Plaintiffs' Original Petition at or before ten o'clock a.m. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable District Court **24th** Judicial District of DeWitt County, Texas, at the Courthouse of said County, 307 N. Gonzales Street, Cuero, Texas.

Said Plaintiffs' Petition and Request was filed in said court, by Mr. Hunter M. Klein, whose address is 440 Louisiana St., Suite 1900, Houston, Texas 77002 on this **14th** day of **November**, A.D., **2019**, in this case, numbered **19-11-25,006**, on the docket of said court, and styled,

**RANDY SAENZ DBA TEXAS PHILLY STATION**
**MONSTER BURGER, AND TEXAS PHILLY STATION, INC.,**
**V.**
**GREAT LAKES INSURANCE SE, GREAT LAKES REINSURANCE**
**(UK) SE, THE LITTLETON GROUP-EASTERN DIVISION, INC., THE**
**LITTLETON GROUP-WESTERN DIVISION, INC., AUSTIN ROY**
**WRIGHT, AND PHILLIP RYAN CASEY**

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Plaintiffs' Original Petition, accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Cuero, Texas, this the **21st** day of **November**, A.D., **2019**.

CLERK OF THE COURT
TABETH GARDNER
DeWitt County District Clerk
307 N. Gonzales Street
Cuero, Texas  77954

TABETH GARDNER
DeWitt County District Clerk

By _Chelsea M Stahlman_ _____ Deputy

FILE NO. **19-11-25,006**

**IN DISTRICT COURT**
**24TH JUDICIAL DISTRICT**
**OF DEWITT COUNTY, TEXAS**

### CITATION FOR PERSONAL SERVICE

**RANDY SAENZ DBA TEXAS PHILLY STATION**
**MONSTER BURGER, AND TEXAS PHILLY STATION, INC.,**
**V.**
**GREAT LAKES INSURANCE SE, GREAT LAKES REINSURANCE**
**(UK) SE, THE LITTLETON GROUP-EASTERN DIVISION, INC., THE**
**LITTLETON GROUP-WESTERN DIVISION, INC., AUSTIN ROY**
**WRIGHT, AND PHILLIP RYAN CASEY**

Issued November 21, 2019
TABETH GARDNER
DeWitt County District Clerk

By _(signature)_ ,Deputy

### OFFICER'S RETURN BY MAILING

CAME TO HAND ON THE 21ST DAY OF NOVEMBER, 2019 AND EXECUTED BY MAILING CERTIFIED
MAIL RETURN RECEIPT A TRUE COPY OF CITATION TOGETHER WITH A COPY OF PLAINTIFFS'
ORIGINAL PETITION AT THE FOLLOWING ADDRESS.

| NAME & ADDRESS | DATE SIGNED | BY WHOM |
|---|---|---|
| THE LITTLETON GROUP-EASTERN DIVISION, INC. | | No Signature |
| BY SERVING REGISTERED AGENT | | |
| DANIEL R. RICHARDS, AT RICHARDS RODRIGUEZ & SKEITH, LLP | | |
| 816 CONGRESS AVE., SUITE 1200 | | |
| AUSTIN, TEXAS 78701 | | |

AS EVIDENCED BY THE SIGNED RETURN RECEIPT ATTACHED HERETO AND INCORPORATED IN
THE RETURN.

NOT EXECUTED AS TO _____ FOR THE FOLLOWING REASON

TO CERTIFY WHICH WITNESS MY HAND OFFICIALLY. FEE FOR SERVICE: $85.00

TABETH GARDNER
DeWitt County District Clerk

BY _(signature)_ ,DEPUTY

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**A. Signature**

X ☐ Agent ☐ Addressee

**B. Received by** *(Printed Name)*     **C. Date of Delivery**

1. Article Addressed to: #25,006      CK

THE LITTLETON GROUP EASTERN-DIVISION, INC.
BY SERVING REGISTERED AGENT
DANIEL R. RICHARDS
RICHARDS RODRIGUEZ & SKEITH LLP
816 CONGRESS AVE., SUITE 1200
AUSTIN, TEXAS 78701

**D. Is delivery address different from item 1?** ☐ Yes
If YES, enter delivery address below: ☐ No

9590 9402 3290 7196 2052 02

**3. Service Type**
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number *(Transfer from service label)*

7017 1450 0001 3470 1115

PS Form **3811**, July 2015 PSN 7530-02-000-9053     Domestic Return Receipt



**USPS TRACKING #**

9590 9402 3290 7196 2052 02

**First-Class Mail**
**Postage & Fees Paid**
**USPS**
**Permit No. G-10**

**United States**
**Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

FILED
___ day of
at__10:30 ___ o'clock ___ Q ___ M

NOV 27 2019

TABETH GARDNER, Clerk
Dist. Court, DeWitt County, Texas
By_____ Deputy

**TABETH GARDNER**
**DeWitt Co. District Clerk**
**307 N. Gonzales**
**Cuero, Texas 77954**

EMAILED COPY

**Citation for Personal Service**

EMAILED COPY

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation, petition and request a default judgment may be taken against you."

TO **THE LITTLETON GROUP-WESTERN DIVISION, INC., By Serving Registered Agent, Daniel R. Richards, at Richards Rodriguez & Skeith LLP, 816 Congress Ave., Suite 1200, Austin, Texas 78701,** Defendant, Greeting:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Plaintiffs' Original Petition at or before ten o'clock a.m. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable District Court **24th** Judicial District of DeWitt County, Texas, at the Courthouse of said County, 307 N. Gonzales Street, Cuero, Texas.

Said Plaintiffs' Petition and Request was filed in said court, by Mr. Hunter M. Klein, whose address is 440 Louisiana St., Suite 1900, Houston, Texas 77002 on this **14th** day of **November**, A.D., **2019**, in this case, numbered **19-11-25,006**, on the docket of said court, and styled,

**RANDY SAENZ DBA TEXAS PHILLY STATION**
**MONSTER BURGER, AND TEXAS PHILLY STATION, INC.,**
**V.**
**GREAT LAKES INSURANCE SE, GREAT LAKES REINSURANCE**
**(UK) SE, THE LITTLETON GROUP-EASTERN DIVISION, INC., THE**
**LITTLETON GROUP-WESTERN DIVISION, INC., AUSTIN ROY**
**WRIGHT, AND PHILLIP RYAN CASEY**

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Plaintiffs' Original Petition, accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Cuero, Texas, this the **21st** day of **November**, A.D., **2019**.

CLERK OF THE COURT
TABETH GARDNER
DeWitt County District Clerk
307 N. Gonzales Street
Cuero, Texas 77954

TABETH GARDNER
DeWitt County District Clerk

By _____ Deputy

FILE NO. **19-11-25,006**

**IN DISTRICT COURT**
**24TH JUDICIAL DISTRICT**
**OF DEWITT COUNTY, TEXAS**

## CITATION FOR PERSONAL SERVICE

**RANDY SAENZ DBA TEXAS PHILLY STATION**
**MONSTER BURGER, AND TEXAS PHILLY STATION, INC.,**
**V.**
**GREAT LAKES INSURANCE SE, GREAT LAKES REINSURANCE**
**(UK) SE, THE LITTLETON GROUP-EASTERN DIVISION, INC., THE**
**LITTLETON GROUP-WESTERN DIVISION, INC., AUSTIN ROY**
**WRIGHT, AND PHILLIP RYAN CASEY**

Issued November 21, 2019
TABETH GARDNER
DeWitt County District Clerk

By _Chelsea M. Blaun_ ,Deputy

### OFFICER'S RETURN BY MAILING

CAME TO HAND ON THE 21ST DAY OF NOVEMBER, 2019 AND EXECUTED BY MAILING CERTIFIED
MAIL RETURN RECEIPT A TRUE COPY OF CITATION TOGETHER WITH A COPY OF PLAINTIFFS'
ORIGINAL PETITION AT THE FOLLOWING ADDRESS.

| **NAME & ADDRESS** | **DATE SIGNED** | **BY WHOM** |
| --- | --- | --- |

THE LITTLETON GROUP-WESTERN DIVISION, INC. _____ No Signature _____
BY SERVING REGISTERED AGENT _____
DANIEL R. RICHARDS, AT RICHARDS RODRIGUEZ & SKEITH, LLP _____
816 CONGRESS AVE., SUITE 1200 _____
AUSTIN, TEXAS 78701 _____

AS EVIDENCED BY THE SIGNED RETURN RECEIPT ATTACHED HERETO AND INCORPORATED IN
THE RETURN.

NOT EXECUTED AS TO _____         FOR THE FOLLOWING REASON

TO CERTIFY WHICH WITNESS MY HAND OFFICIALLY.  FEE FOR SERVICE: $85.00

TABETH GARDNER
DeWitt County District Clerk

BY _Chelsea M. Blaun_ ,DEPUTY

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X | ☐ Agent<br>☐ Addressee |

A. Signature
X
☐ Agent
☐ Addressee

B. Received by *(Printed Name)*        C. Date of Delivery

1. Article Addressed to: #25,006        Cu

THE LITTLETON GROUP WESTERN-DIVISI..., INC.
BY SERVING REGISTERED AGENT
DANIEL R. RICHARDS
RICHARDS RODRIGUEZ & SKEITH LLP
816 CONGRESS AVE., SUITE 1200
AUSTIN, TEXAS 78701

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

9590 9402 3290 7196 2051 96

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number *(Transfer from service label)*

7017 1450 0001 3470 1528

PS Form 3811, July 2015 PSN 7530-02-000-9053        Domestic Return Receipt



USPS TRACKING #

9590 9402 3290 7196 2051 96

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

FILED

day of
at 10:30 o'clock a .M

NOV 27 2019

TABETH GARDNER, Clerk
Dist. Court, DeWitt County, Texas

By _____ Deputy

TABETH GARDNER
DeWitt Co. District Clerk
307 N. Gonzales
Cuero, Texas 77954

EMAILED COPY